MAMIE GREEN, Respondent, v. SAMUEL B. STRO-THER, Administrator of the Estate of WILLIAM FLOYD SKINNER, deceased, Appellant.

Kansas City Court of Appeals, March 3, 1919.

1. **PROBATE COURTS: Classification: Judgments.** Probate courts have jurisdiction to classify judgments against estates where it is shown that the judgment debtor and the deceased were one and the same person.

2. **PROCESS: Pleading: Waiver.** If a person, sued and served with process in a wrong name, wishes to take advantage of the situation, he must appear and raise the question in the court where the suit is brought before judgment is rendered against him, and unless he does so his right to object is waived.

3. **PROBATE COURTS: Statutes: Jurisdiction.** Probate courts have jurisdiction in matters pertaining to probate business where the issues can be settled at law and involves a simple matter and may invoke equity principles in disposing of such business.

4. ———: **Classification of Judgments: Jurisdiction.** A proceeding to classify a judgment against an estate where that judgment was actually rendered in the circuit court against the deceased during his lifetime under a wrong name or an alias, is not one involving a complicated matter or a proceeding in equity and probate courts have jurisdiction to determine such matters, and it is not necessary to first have the judgment corrected in the circuit court.

5. ———: **Pleadings: None Required.** Formal pleadings are not required in submitting demands for classification in probate courts, the statutes (sec. 206, R. S. 1909) provide such courts may hear and determine all demands in a summary way without the form of pleading. Parol evidence is admissable to identify the person upon whom a summons was served although the name of the person served and the name by which he is described in the writ of summons is not *idem sonans.*

Appeal from Jackson Circuit Court.—*Hon. T. J. Seehorn,* 'Judge.

REVERSED AND REMANDED.

*John C. Nipp* for respondent.

*Watson, Gage & Watson* and *Calvin & Rea* for appellant.

BLAND, J.—On April 30, 1913, plaintiff brought suit in the circuit court of Jackson county, Missouri, against one described as *John* Skinner. Summons was issued directing the sheriff of said county to summon *John* Skinner. Service was duly had by a deputy sheriff, his return reciting that he had executed the writ in said county by delivering a copy of said writ and the petition in said cause to the "within named defendant, John Skinner."

The petition in that case alleged that plaintiff received personal injury by reason of the negligence of the defendant in permitting a sidewalk to become out of repair in front of his premises located at 1123 Oak Street, in Kansas City, Missouri; that by reason of said defective sidewalk plaintiff while walking over the same was caused to fall to her injury, and asked judgment in the sum of $5000. Defendant made default and on March 18, 1914, the court rendered judgment in favor of plaintiff and against defendant, "John Skinner" in the sum of $1000.

Sometime prior to the 20th day of May, 1915, *William Floyd* Skinner died and an administrator of his estate was appointed by the probate court of Jackson County, Missouri. The inventory of the estate showed that at the time of his death deceased was the owner of said property located at 1123 Oak Street. In May, 1915, plaintiff presented to the probate court of Jackson County a transcript of said judgment in her favor and against *John* Skinner, seeking to have the

same classified as a judgment against the estate of *William Floyd* Skinner. No pleadings were filed in the probate court except said transcript of the judgment. The record shows that all parties appeared before the probate court, tried out the matter of classifying the judgment, and that the court refused to allow and classify the same.

Thereafter plaintiff appealed to the circuit court of Jackson county, Missouri, where the case was tried by that court without the aid of a jury. No declaration of law or finding of fact was requested except one by the defendant to the effect that said judgment was not entitled to allowance or classification as a claim or judgment against the estate of William Floyd Skinner, which was refused by the court and the court thereupon rendered judgment in favor of plaintiff and against the estate. After taking the proper steps defendant has brought the case here.

In the court below plaintiff introduced evidence tending to prove that *John* Skinner and *William Floyd* Skinner were one and the same person and that the suit of Mamie Green v. John Skinner was instituted and the summons served upon *William Floyd* Skinner although he was designated in the petition and summons as *John* Skinner.

Defendant insists that his demurrer to the evidence should have been sustained and in this connection states:

"The probate court is a court of limited jurisdiction and has no jurisdiction which permits the classification of judgments rendered by other courts of record which require amendment and were not rendered by those courts in the ordinary course of proceedings."

We have no doubt but that the probate court had jurisdiction to classify this judgment against the estate of William Floyd Skinner providing it was established that John Skinner and William Floyd Skinner were one and the same person. Whether there was evidence to show such fact will be hereinafter discussed

and we will assume, for the purpose of disposing of this point, that there was such evidence. It was stated in Parry v. Woodson, 33 Mo. 347, l. c. 348:

"A name is a means of identity; but the change of the name or the application of a wrong name does not change the thing identified. It is not the name that is sued but the person to whom it is applied. Process served on a man by a wrong name is as really served on him as if it had been served on him by his right name, and if in such case he fails to appear, or appearing fail to object that he is sued by the wrong name, and judgment be rendered against him by such name, he is as much bound by the judgment as if it had been rendered against him by his right name. The use of the right name is every way preferable, since without it as a means of identification the evidence of the identity of the person sued may in process of time become lost; and hence the propriety of the amendment in this case; but so long as the defendant can be identified as the one against whom the judgment was rendered, he is as much bound by the judgment, and those claiming under the judgment are as much entitled to its benefits, to all intents and purpose, as if the defendant had been sued by his right name."

If one served with process in a wrong name desires to take advantage of the situation, he must appear and raise the question in the court where the suit is brought before judgment is rendered against him. Unless he does so his right to object to his being sued in a wrong name is waived. [Parry v. Woodson, supra; Lafayette Ins. Co. v. French, 18 Howard, 404.]

The functions that the probate court may perform are conferred by the Constitution and statutes, and, consequently, as the Constitution and statutes give no equity jurisdiction to the probate court, it may not proceed in equity cases. However, the Statute, section 4056, Revised Statutes 1909, confers jurisdiction upon the probate court "over all matters pertaining to probate business," and, therefore, it is held that the probate court has jurisdiction in matters pertaining to

probate business where the issue can be settled at law and involves a simple matter, and that the probate court may even invoke equity principles in disposing of such business. [Leitman's Exec. v. Leitman, 149 Mo. 112, l. c. 117; Gentry v. Gentry, 122 Mo. 202, l. c. 222; Green v. Tittman, 124 Mo. 372, l. c. 379; State ex rel. v. Bird, 253 Mo. 569.] The proceeding to classify a judgment against an estate, where that judgment was actually rendered against the deceased during his lifetime under a wrong name or an alias name, is not one involving a complicated matter or a proceeding in equity, and we think there is no doubt but that the probate court has jurisdiction to determine the matter.

Section 197, Revised Statutes 1909, provides that a judgment may be obtained against an estate in "some court of record, in the ordinary course of proceeding" and may thereafter be established in the probate court against such estate. Defendant says that the judgment in the case at bar, being obtained against the deceased in his wrong or alias name, was not "in the ordinary course of proceedings." This clause in the statute has no reference whatever to a judgment procured as was this one. The statute simply provides that the claimant may elect to first go into a court of record and establish his claim against the estate there by the same kind of proceeding that he would pursue if the deceased had not died but was sued while living. This is the meaning of the quoted language of the statute.

It is defendant's contention that the classification of a judgment was more or less ministerial on the part of the probate court, and that a proceeding to classify a judgment in that court does not contemplate a trial of fact such as is involved in a proceeding to show whether the party against whom and in whose name the judgment was actually rendered is the same as that of the deceased. There is no merit in this contention. The action of the probate court in classifying a judgment may involve a trial of fact and it is not a mere ministerial, clerical or nondescript act. [McFaul v. Haley, 166 Mo. 56, l. c. 68.] Of course, when

a judgment is presented for allowance or classification, the probate court cannot go into the merits of the original cause of action upon which it was founded. It is held in McFaul v. Haley, supra, that whatever legal defense the law permits in a suit at law in the circuit court on the judgment an executor or administrator may make in the probate court when the judgment is presented for classification. It would be the duty of the probate court to satisfy itself in any case that a judgment presented to it for classification against an estate was actually rendered against the deceased in his lifetime. If a judgment against John Smith were presented to the probate court to be classified against the estate of John Smith, it would be necessary for the court to determine whether the two John Smiths were one and the same person, and this, although where there is an identity of name identity of person is presumed This presumption being rebuttable, if the administrator or executor desired to contest the matter as to the identity of the two John Smiths, he would have a right to do so and we do not think that anyone would question the jurisdiction of the probate court to try such an issue. We see no substantial difference between a situation of that kind and the one in the case at bar although the names, John Skinner and William Floyd Skinner are not *idem sonans*. The proceeding in the probate court to establish whether John Skinner and William Floyd Skinner are identical would not be substantially different from a proceeding to determine whether John Smith against whom a judgment was rendered was the same as John Smith, the deceased, against whom estate a judgment was sought to be classified. The only difference in the two proceedings would be possibly the matter of the burden of proof.

There was no necessity for any formal pleadings to be filed by plaintiff in the probate court alleging that William Floyd Skinner was known as John Skinner and that the John Skinner sued in the circuit court was the same person as William Floyd Skinner, the deceased. Section 206, Revised Statutes 1909, provides that the pro-

bate court "shall hear and determine all demands in a summary way without the form of pleading." Section 197, Revised Statutes 1909, provides that "any person having a demand against an estate may establish the same by the judgment or decree of some court of record, in the ordinary course of proceeding, and exhibit a copy of such judgment or decree, and shall also exhibit copies of all judgments or decrees rendered in the lieftime of the deceased to the probate court." By reason of these sections it is not necessary to have any formal pleadings either in the probate or circuit court on appeal. [Wencker, Admr. v. Thompson's Admr., 96 Mo. App. 59; McFaul v. Haley, supra, l. c. 68; Kessler v. Clayes, 147 Mo. App. 88, l. c. 102.]

Defendant makes the point that the only court in which the judgment could have been corrected was the circuit court, citing sections 1848, 1851, 2119 and 2120, Revised Statutes 1909, which confer power on the courts to correct the name of a party either before or after judgment. Defendant says that he is unable to find a case in this State "holding that a probate court could correct and amend a judgment rendered in another court." From this it is evident that defendant misconceives the purpose of this proceeding. No such thing is sought to be done. The matter attempted to be accomplished in this case is not to correct a judgment but to classify one that was really and in fact rendered against William Floyd Skinner, although in the name of John Skinner, against the estate of William Floyd Skinner. While the plaintiff could have corrected the judgment in the circuit court by the proceeding provided by the section of the statute last mentioned, he was not required to do so in order to have a valid judgment against William Floyd Skinner or his estate. Said sections of the statute were enacted to alleviate the rigor of the common law which invalidated judgments for or against persons suing or sued in the wrong name and are for the benefit of the party holding a judgment against such persons suing or being sued. Ordinarily it is to the advantage of the

party holding such a judgment to have it corrected in the court in which it was rendered, for unless the party sues or is sued in a name that is *idem sonans* with has right name, and practically the same name, the record of the judgment would not import notice to persons buying real estate owned · by the judgment debtor, whereas, if the judgment is in the right name of the party, or one *idem sonans* and practically the same name, it would import notice and constitute a lien upon such real estate. [Green v. Myers, 98 Mo. App. 438.] But, as before stated, it is not necessary to have such a judgment corrected in the court in which it is rendered or any other court. The verdict cured the mistake in name, the statute, section 2119, Revised Statutes 1909, treating the proper amendment as having been made. [Kronski v. Mo. Pac. Ry. Co., 77 Mo. 362, l. c. 370.] So it was not necessary in order to cure the matter that any amendment of the judgment be made.

Defendant makes the point that there is no competent and credible evidence to show that John Skinner who was served by the deputy sheriff, was, as a matter of fact, William Floyd Skinner, the deceased. In Reid, Murdock & Co. v. Mercurio, 91 Mo. App. 673, it is held that it is proper to permit the introduction of parol evidence to indentify the particular individual upon whom the writ was served even though the two names are not *idem sonans,* and that to do so in no way tends to contradict or impeach the return of the officer. The same is held in Lafayette Ins. Co. v. French, supra, l. c. 409, and in Carmichael v. Vandebur and Hopkins, 50 Iowa, 651. In order to show that John Skinner, the party named in the summons, and the deceased, William Floyd Skinner, were one and the same person, plaintiff introduced a photograph which was identified by the witness Barker as that of the person called John, Floyd, Henry or William Skinner, who lived at 1123 Oak Street, in Kansas City, Missouri. This property was owned by the deceased. The deputy sheriff who served the summons identified this picture as being a likeness of the person upon

whom he served the writ. When the deputy sheriff served the writ he first went to the place named in the summons, 1123 Oak Street, and not finding the defendant there he went to Dick's Saloon at 12th and Locust Streets. At the latter place he asked the bartender "who is John Skinner?" and the bartender pointed out John Skinner and the sheriff served him in the saloon. The sheriff asked the party served if his name was John Skinner and he replied that it was, but that he had gone sometimes by the name of John, William and Floyd Skinner. At the time John Skinner was served he told the sheriff "if it wasn't for the niggers taking up the boards there wouldn't have been any damage suit." At another time the same deputy served a notice of garnishment on John Skinner and found him living at that time with some negroes, about four doors from 1123 Oak Street. The deputy sheriff was evidently incensed with counsel for the defendant, or entertained some unfriendly feeling toward him, for on the cross examination he answered the attorney in a very impolite manner with an effort at sarcasm, at one place in his testimony he said that John Skinner did not live at 1123 Oak street and at another place he intimated that he, John Skinner, might live at 1123 McGee Street; that John Skinner had a wife living there but that he had two wives and his wife at 1123 Oak Street would not let him live there. From the testimony of the deputy sheriff we conclude that he was making a very poor effort at sarcasm and we take it that he did not know in fact where John Skinner lived. Defendant insists that by reason of the conduct and testimony of the deputy sheriff on the witness stand, his credibility as a witness was destroyed. The court sitting as a jury was the sole judge of the credibility of the witnesses.

The witness Barker testified that he was at Dick's saloon at 12th and Locust Streets at the time John Skinner was served and that the deputy sheriff served the man who lived at 1123 Oak Street, known to the witness as John, Floyd, Henry and William Skinner.

This witness afterwards identified the picture in evidence as that of John, Floyd, Henry and William Skinner who lived at 1123 Oak Street as that of a man whom he saw dead at an undertaking establishment afterwards. The witness Francis stated that he knew one who went by the name of Frank, John, Floyd and Bill Skinner and who at one time lived on Oak Street; that the photograph testified to by the deputy sheriff as being a likeness of the man whom he served as John Skinner was that of the person whom the witness knew as Frank, John Floyd and Bill Skinner, who lived on Oak Street.

No evidence was introduced by the defendant to show that the John Skinner who was served by the deputy sheriff was not the same person as William Floyd Skinner, the deceased, or that William Floyd Skinner did not also go under the name of John Skinner during his lifetime. In fact, defendant introduced no evidence whatever. We think that under this testimony there was sufficient evidence from which the court could find that John Skinner who was served by the sheriff was the same person as William Floyd Skinner, the deceased. Plaintiff having shown these facts, made out a prima-facie case and it was then incumbent upon the defendant to show that John Skinner who was served was not William Floyd Skinner, the deceased.

Defendant complains that the court permitted the introduction of hearsay testimony in order to show, at least in part, the identity of John Skinner and William Floyd Skinner. We have examined the objections made at the trial court and find that the matter was not presented to the trial court but that it is raised for the first time in this court. The objections to the testimony were that the evidence was "incompetent, irrelevant and immaterial;" "I object to that;" "I move that be stricken out." The last two objections were no objections at all. [Breen v. United Railways Co., 204 S. W. 521, and cases therein cited.] The objection "incompetent, irrelevant and immaterial" was not sufficient to raise the question that the evidence objected

to was hearsay. As was stated in Sexton v. Lockwood, decided by this court but not yet reported—

"Ordinarily, the objection that evidence is 'irrelevant and immaterial' does not constitute any objection since it does not furnish any basis or ground of objection, but this is so in those instances where the objection does not give the court any reason for exclusion and it is not clear whether the testimony is relevant or material."

The evidence now objected to as being hearsay was very material to the issues in the case; it went to the question as to whether John Skinner and William Floyd Skinner were one and the same person. Therefore we must hold that the objection made in the trial court was not sufficient to raise the point now made.

While the point is not raised in the briefs, we find upon an examination of the record that the judgment in this case is absolutely void. The judgment recites that the court "finds the issues for the plaintiff and against the defendant and assesses plaintiff's damages at the sum of twelve hundred and twenty dollars ($1220)," and that "plaintiff have and recover of and from the said defendant the said sum of twelve hundred and twenty dollars ($1220);" and "it is further ordered by the court that *this* judgment be certified" to the probate court for classification against the estate of William Floyd Skinner.

Under the pleadings the only judgment that the court could render in favor of plaintiff was one ordering the classification of the judgment filed in the probate court and the court had no jurisdiction whatever under the pleadings to render an entirely new judgment and order *it* classified. [Charles v. White, 2:14 Mo. 187; Wilson v. Darrow, 223 Mo. 520, 1. c. 531; Chandler v. Railroad, 251 Mo. 592, 1. c. 599.] The judgment now rendered should not be a judgment in favor of the plaintiff and against the defendant for so much money. The judgment should not be that plaintiff have and recover a sum of money or any sum, but that the judgment, standing in the name of John Skinner,

was, and is, in fact, a judgment against William Floyd Skinner and that as he is now dead and his estate is being administered, the judgment so standing in the name of John Skinner, being still unpaid, is entitled to be classified as a demand against the estate of William Floyd Skinner, deceased, and the probate court should be directed to so classify it. In this way only can the judgment respond to the relief the plaintiff is seeking to obtain. Any other judgment is outside of the purview of the proceeding and will leave two judgments still standing on the records, one against John Skinner and another against the estate of William Floyd Skinner. There was no error in the trial of the case, but as the judgment is void the case must be remanded.

The judgment is reversed and the cause remanded. *Ellison, P. J.,* concurs; *Trimble, J.,* dissents in separate opinion.

TRIMBLE, J. (dissenting)—It may be that the probate court has jurisdiction to take the *affirmative step* or action plaintiff asked to be taken herein; and yet it is difficult for me to escape the conviction that, as to the estate and those interested therein, the matter sought to be adjudicated, is, *in effect,* a *reformation* of the judgment in the circuit court so as to make it a judgment against William Floyd Skinner instead of what it purports to be, a judgment against John Skinner. This is, in reality, what is sought to be done, no matter what we call it nor the terms we may use in describing it. And this affirmation step must first be taken, for without it there is no authority for classifying a judgment against John Skinner as a demand against the estate of William Floyd Skinner, deceased. And I very gravely question the wisdom or the validity of the course whereby a judgment appearing upon the records of the circuit court as against one man can in another and a different court, the court of probate, be declared to be, in fact and in reality, a judgment against another man who is now dead. It would seem

that the court where the judgment was rendered should be the forum wherein to establish the fact that the judgment stands in the wrong name and is in reality a judgment against a man of another name. In this way we can avoid the situation where one court, the circuit court, has on its records a judgment against one man which the probate court says is a judgment against another man. Practically, and in effect, this is what is done no matter if we do attempt to get around it by saying that it is the same man, but only different names. The two may not be the same; the presumption is they are not; and even if they are the same, it would seem that the proper court to adjudicate and establish that fact is the court in which the judgment was rendered.