Ramona ORONA, by her next friend,
Lola Beatrice Cox, Respondent,

v.

CONSOLIDATED CAB COMPANY,
a corporation, Appellant,

Traders National Bank, Garnishee.

No. 23707.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1963.

Thos. J. Conway, Jr.; Popham, Thompson, Popham, Trusty & Conway, Kansas City, for appellant.

Arthur J. Kase; Rubins, Kase & Rubins, Kansas City, for respondent.

CROSS, Judge.

Plaintiff-respondent, a minor, sustained personal injuries in a collision between a taxicab and an automobile in which she was a passenger. For resultant damages she maintains this suit, through her mother as next friend, against defendant-respondent taxicab company, designated in the petition as "Consolidated Cab Company,

a corporation". Upon defendant's default the trial court heard evidence and rendered judgment for plaintiff in the amount of $3000.00.

Pursuant to general execution, plaintiff served notice of garnishment upon Traders National Bank and filed interrogatories. In answer the garnishee bank stated that it held cash and securities in an amount and value in excess of $11,000.00, deposited in the name of Consolidated Cabs, Inc., a corporation.

Thereafter defendant appeared in the case, alleging its identity to be "Consolidated Cabs, Inc.", and filed a motion to quash the execution and garnishment on the ground there was no valid supporting judgment inasmuch as the judgment relied upon was rendered against "Consolidated Cab Company, a corporation"—a nonexistent entity. The trial court overruled defendant's foregoing described motion and sustained plaintiff's motion for an order directing the garnishee to pay funds into court in satisfaction of the judgment. From the judgment entered on these rulings, defendant appeals.

In a single point appellant contends the trial court erred in refusing to quash the execution and in ordering the garnishee to pay money into court "for the reason that the only judgment in this case is against Consolidated Cab Company, a nonexistent legal entity, and garnishment of the funds of Consolidated Cabs, Inc., was improper". Appellant takes the position that it is a stranger to this action and is unaffected by the judgment rendered. Some additional facts necessary for determining the assignment are here set out.

As appears above, the petition named the defendant as "Consolidated Cab Company, a corporation", and stated defendant's residence as 2331 Vine (Street), Kansas City, Missouri. Summons was issued, directed to defendant as designated in the petition, and served by deputy sheriff James Monaco upon one J. D. Williams, registered agent for Consolidated Cabs, Inc.,

at that company's business office located at 2331 Vine Street, in Jackson County, Kansas City, Missouri. Such manner of service is conclusively shown by the executing officer's return and his supplemental affidavit filed. Williams denies that the summons was delivered to him, but this denial is ineffectual to impeach the officer's return. It was, however, erroneously stated in the return that Williams was the *president* of Consolidated Cabs, Inc., but the error is of no consequence in view of the admitted fact that Williams was the company's registered agent.

It clearly appears from the record that appellant Consolidated Cabs, Inc., is a Missouri corporation, with its registered office and registered agent, J. D. Williams, located at 2331 Vine Street, Kansas City, Jackson County, Missouri. Both parties admit there is no entity in existence named "Consolidated Cab Company, a corporation".

This case is not the first to be brought and prosecuted against defendant in the name of Consolidated Cab Company, a corporation. As reflected by the transcript, the court records of Jackson County disclose at least nine other separate actions of this nature filed within the past five years. In six of those cases service was had upon J. D. Williams at defendant's office at 2331 Vine Street in the same manner as was done in this case. In the other three cases service was effected at the same office but on other personnel. In six of the cases deputy sheriff Monaco was the serving officer. In each of the nine cases the answer was filed on behalf of the defendant as named in the petition and defendant proceeded thereunder. In every instance except two, the answers were filed by the attorney presently representing appellant.

Manifestly it is a fact that defendant was incorrectly named and proceeded against in the instant case, as well as in the other nine cases referred to. It is

equally apparent from the record that plaintiff sued and secured the service of process upon the party she intended to sue as defendant. Summons was actually served on the right party, but by the wrong name. In law, as well as in the ordinary usage of language, such an error or mistake is termed a "misnomer".

A defendant who is misnamed in an action has the right to interpose a timely and proper objection to the defect and have it corrected. However, in this case, any right of the defendant to complain of the misnomer was waived by its failure to object to it at the proper time. It is the rule that an objection based on a misnomer or misdescription of parties should be raised at the first opportunity in due' order of pleading, before issue joined, and before trial, verdict or judgment. Failure to object at the proper time, and in the proper manner constitutes a waiver of the objection, as where, instead of objecting that he is sued by the wrong name, the defendant enters a general appearance, pleads to the merits, *or suffers judgment by default*. 67 C.J.S. Parties § 149, pp. 1151–1152. Also see Bedell v. Richardson Lubricating Co., Mo. App., 226 S.W. 653; and, Thomas v. Schapeler, Mo.App., 92 S.W.2d 982.

Aside from the foregoing, it is settled law in Missouri that the mere misnomer of a corporate defendant is immaterial if the corporation was not thereby misled and if there was no substantial mistake indicating an intention on the part of plaintiff to sue a different entity. A judgment against a corporation sued as the intended defendant by the wrong name, but in reality served with process, is a valid judgment and binding upon defendant whether it appears or makes default.

Blades v. Cinder Block Co., Mo.App., 10 S.W.2d 319, is a leading case on the present question. The true name of the defendant there sued was "Cinder Block Company of Kansas City", but in the petition defendant was erroneously designated as "Cinder Block Company of St. Louis". Service was obtained by delivery of process to the vice-president of defendant corporation at its usual business office. There, as in this case, defendant defaulted and judgment was rendered in favor of plaintiff and against the defendant as misnamed in the petition. Under execution issued, certain property of defendant was levied upon. Also, as in this case, the defendant resisted the levy and claimed the property on the ground that the judgment was invalid by reason of the misnomer. Ruling the contention against defendant, the court stated: "The general rule is that, in actions at law and other judicial proceedings, the mere misnomer of a corporate defendant in words and syllables is immaterial, that is, provided there is no substantial mistake so as to indicate a different entity; that a judgment in the action will bind such defendant, if it in reality is duly served with process, whether it appears or makes default; and that the misnomer should be held immaterial, if it appears that the corporation could not have been, or was not, misled thereby. 14 C.J. 325, and cases cited".

To similar effect are the decisions in Green v. Strother, Mo.App., 212 S.W. 399[1] and Parry v. Woodson, Mo.Sup., 33 Mo. 347[2]. Of particular application is the following language quoted from Parry v. Woodson, supra, (also quoted in Green v. Strother, supra):

"A name is a means of identity; but the change of the name or the application of a wrong name does not change the thing identified. It is not the name that is sued, but the person to whom it is applied. Process served

---

1. Defendant William Floyd Skinner was erroneously sued and served personally with summons as "John Skinner".

2. Defendant Branham H. Woodson was erroneously sued by the name "Benjamin H. Woodson" and personally served with process so directed.

on a man by a wrong name is as really served on him as if it had been served on him by his right name, and if in such case he fail to appear, or, appearing, fail to object that he is sued by the wrong name, and judgment be rendered against him by such name, he is as much bound by the judgment as if it had been rendered against him by his right name. The use of the right name is every way preferable, since without it as a means of identification the evidence of the identity of the person sued may in process of time become lost; and hence the propriety of the amendment in this case; but so long as the defendant can be identified as the one against whom the judgment was rendered, he is as much bound by the judgment, and those claiming under the judgment are as much entitled to its benefits, to all intents and purposes, as if the defendant had been sued by his right name".

■ The facts in this case induce our belief that the defendant was not misled by the misnomer. The variance between its true name "Consolidated Cabs Inc.", and the inaccurate designation "Consolidated Cab Company, a corporation" is so slight it cannot be said there was a "substantial mistake so as to indicate a different entity". Blades v. Cinder Block Co., supra. De-

spite the inaccuracy "the defendant can be identified as the one against which the judgment was rendered". Green v. Strother, supra.

We are substantially influenced in the view we have expressed by the fact that defendant accepted service, responded thereto and went forward as a party in the nine other cases where it was designated by the identical misnomer and served in the same manner as in this case. If, in those cases, defendant had no misconception of the identity intended by the name "Consolidated Cab Co., a corporation", it is inconceivable that defendant was deceived by the use of that name in this case.

We have examined the cases cited and relied upon by defendant and find that they have no material bearing on the matter at issue.

The original judgment rendered against defendant is valid and subject to payment. The record reveals that the garnishee bank holds funds belonging to defendant which are available to satisfy that judgment. The trial court took the proper course of action by overruling defendant's motion and ordering the attached funds paid into court.

Accordingly, the judgment is affirmed.

All concur.