**L. C. R. EXCAVATING CONTRACTORS, INC., a Missouri Corporation, Plaintiff-Appellant,**

v.

**W. S. HAPPEL COMPANY, Hailco, Inc., and R. A. Ward, Defendant-Respondent.**

No. 25037.

Kansas City Court of Appeals.

Missouri.

April 7, 1969.

John W. Howald, James E. Bowles, Thurman, Nixon, Smith & Howald, Hillsboro, for appellant.

David C. Wood, Welliver, Porter & Cleaveland, Columbia, for respondent.

SPERRY, Commissioner.

Plaintiff, L. C. R. Excavating Company, a Missouri Corporation, sued W. S. Happel Company, Hailco, Inc., and R. A. Ward. Plaintiff alleged that Ward was employed by Hailco, Inc., for the purposes of completing excavation and construction of a new building on a certain described parcel of land, of which it was the owner, in Columbia, Boone County, Missouri; that defendant W. S. Happel Company was employed by Ward to do the excavation work on said property; that plaintiff was employed by W. S. Happel Company to remove dirt from the above property "under an agreement with said W. S. Happel Company", that, pursuant to said agreement, plaintiff moved 16,728 cubic yards of dirt at the agreed price of thirty cents per cubic yard, or a total of $5018.40; that said services were performed on the faith and credit of W. S. Happel Company and Hailco, Inc., promises to pay and upon a lien on the real estate in accordance with the statutes of Missouri.

Plaintiff further alleged it demanded payment from defendants but that of the original sum owed the amount of $2518.00 remains due and unpaid; that, March 7, 1966, a notice was served on defendant Hailco, Inc., according to the law, stating the claim of plaintiff and notifying it of its intention to file its lien against the building located on the described property; that 10 days after date of service of said notice, plaintiff filed in the office of the circuit clerk, a just and true account of the amount due it, duly itemized, after all just credits had been given, and a true description of the real estate involved herein, with the names of the owner thereof verified by affidavit of plaintiff, and of its claim for a lien thereon.

The prayer was for judgment against W. S. Happel Co., in the sum of $2518.00, interest thereon at 6% from date of demand for payment, for costs, and that a mechanics lien against the property be adjudged and that, if the judgment could not be satisfied from the property of W. S. Happel Company, a special execution be issued against the described real estate to satisfy the judgment, interest and costs.

William S. Happel was served with process and William S. Happel Company and the other defendants filed their answers, in the nature of general denials.

On January 8, 1968, a jury was empaneled and trial was begun in circuit court, all parties having announced "ready". They were each represented by counsel. It was admitted that Hailco, Inc. was the owner of the property involved. Mr. Martin, an officer and owner of plaintiff's corporation, was sworn and assumed the witness stand. At that point counsel for William S. Happel Company orally moved for dismissal as to William S. Happel Company because it is not a legal entity; that it is not shown to be a corporation or a partnership and there is no individual named as defendant. Counsel for plaintiff contended that, since William S. Happel Company had answered and appeared, the motion presented came too late, that the defense should have been pleaded. Happel countered by claiming that, in any case, an entity that is sued must defend or run the risk that it would suffer judgment and be required later to move to set it aside or take other action. The court overruled the motion. A noon recess was taken and, immediately thereafter, the court announced a reversal of its decision as to William S. Happel Company. Plaintiff asked leave

to amend the petition as to William S. Happel Company so as to allege that at all times herein mentioned, W. S. Happel is the sole owner of the company known as W. S. Happel Company.

Plaintiff requested of the court, before ruling on the amendment, that it be permitted to offer evidence in support of the proposed amendment. Plaintiff then offered to prove, by the testimony of William S. Happel, that "he is the sole owner of the W. S. Happel Company and that he is the sole owner and doing business as W. S. Happel Company."

The offer of proof was denied and motion to amend was denied. The court sustained motion to dismiss as to R. A. Ward and W. S. Happel Company and directed a verdict for Hailco, Inc. Plaintiff appealed.

In Orona v. Consolidated Cab Company, a corporation, Mo.App., 373 S.W.2d 486, plaintiff obtained a default judgment against the named defendant. Funds belonging to *Consolidated Cabs, Inc.,* were garnished, and *Consolidated Cabs, Inc.,* moved to quash the execution and garnishment on the grounds that, since the judgment was against *Consolidated Cab Company,* a non-existent entity, there was no valid supporting judgment. The court overruled the motion and sustained plaintiff's motion for an order directing garnishee to pay funds into court for satisfaction of the judgment. This court affirmed the judgment.

Service was had on Mr. Williams, the registered agent of *Consolidated Cabs, Inc.,* at its regular business office. We held that "manifestly" defendant was innocently named and proceeded against but that it was apparent that plaintiff sued and obtained service on the party she intended to sue; that service was had on the right party, but by the wrong name; and that, in law, such an error or mistake is termed a "misnomer".

It was further said that, a defendant may interpose a timely and proper objection to the defect and have it corrected but that, in that case, defendant had waived its right to complain by not having raised the question at the first opportunity, in due order of pleading, *before issue joined and before trial,* verdict or judgment; that failure to raise the question at the proper time, and in the proper manner, as where defendant *pleads to the merits,* or suffers judgment, constitutes a waiver. (l. c. 488). The court declared that mere misnomer is immaterial if the party is not misled, and if there appears no intention on the part of the plaintiff to sue a different entity.

In Bowen v. Buckner, 171 Mo.App. 384, 157 S.W. 829, a suit on account was instituted by the Kansas City View Company against Buckner. Defendant moved for dismissal arguing that the named plaintiff was not a corporation; that there is no such person as Kansas City View Company; that said plaintiff was not the real party in interest; and that Kansas City View Company had no legal capacity to sue. The court overruled the motion and permitted the petition to be amended by the substitution as plaintiff of "C. K. Bowen, doing business as Kansas City View Company". Trial in Justice of Peace Court resulted in judgment for defendant. On appeal to circuit court defendant, Buckner, moved to dismiss for the primary reason that Kansas City View Company had no legal capacity to sue. The cause was dismissed and, on appeal to this court, it was held that, although Kansas City View Company was not a legal entity, yet, since Bowen had been doing business under that name for many years, holding himself out as president of a non-existing corporation, he would be estopped to deny his individual liability under contracts made by him under the ficticious name of Kansas City View Company. The judgment was reversed and the cause was remanded on the grounds that there was a misnomer which could be corrected by amendment.

In Orona v. Consolidated Cab Company, supra, 373 S.W.2d 488, 489, this court quoted from other Missouri decisions to

the effect that: "A name is a means of identity; but the change of the name or the application of a wrong name does not change the thing identified. It is not the name that is sued, but the person to whom it is applied. Process served on a man by a wrong name is as really served on him as if it had been served on him by his right name * * *".

In the case at bar Mr. Martin stated in evidence that the contract under which plaintiff performed the services alleged herein, was verbally entered into by and between Mr. Martin, for plaintiff, and Wm. S. Happel. Wm. S. Happel was served as Wm. S. Happel Company. Answer was filed under that name and Wm. S. Happel appeared in person. It was, apparently, Wm. S. Happel, an individual, that plaintiff intended to sue. At least it appears from the record that such may be true. In any event, Wm. S. Happel appeared in response to the summons and William S. Happel Company filed answer and was represented by counsel. No one was misled or prejudiced by the irregularity here shown. No motion was filed by any one calling attention to the matter until after issue was joined and testimony was offered by plaintiff. We hold that this situation, on its face, presents a case of misnomer, and is governed by our decision in Orona v. Consolidated Cab Company, a corporation, supra. There is no evidence in the record which tends to contradict this view.

The judgment is reversed as to all parties and the cause is remanded for a new trial with directions that plaintiff be permitted to file an amended petition if it so desires; and that the cause be retried in accordance with the rulings herein.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.