Robert MARTIN, d/b/a Lemay Auto Body,
Plaintiff-Respondent,

v.

SIGNAL DODGE, INC. (a Missouri Corporation), Defendant,

South County Bank, Garnishee,

Signal Dodge, Inc. (a Delaware corporation),
Intervenor, Appellant.

No. 33366.

St. Louis Court of Appeals.

Missouri.

July 15, 1969.

Victor Packman, Clayton, Harvey I. Feldman, St. Louis, for intervenor-appellant.

James F. Koester, Norman A. Selner, St. Louis, for plaintiff-respondent.

WEIER, Commissioner.

Signal Dodge, Inc., a Delaware corporation, filed an intervening petition in a garnishment proceeding. The garnishment was requested by plaintiff Robert Martin in aid of an execution which in turn had been issued to collect a judgment against Signal Dodge, Inc. From an adverse judgment finding that intervenor and the judgment-debtor are the same corporate entity and dismissing the intervening petition, intervenor has appealed.

This proceeding had its genesis in a judgment obtained by Martin against Signal Dodge, Inc., in the sum of $6,212.17 on March 12, 1968. The petition upon which the judgment was based alleged that the defendant, Signal Dodge, Inc., "is a corporation duly organized and existing under and by virtue of the Laws of the State of Missouri", and engaged in automobile sales. It described plaintiff as an individual engaged in the automobile repair business under the name of Lemay Auto Body, Inc., and claimed that the defendant owed plaintiff $6,002.17 for services and materials furnished in the repair of automobiles. Defendant filed no responsive pleading and the judgment was taken by default.

On May 2, 1968, at the request of plaintiff, an execution was issued to the sheriff of St. Louis County and a writ of garnishment in aid of the execution was served on South County Bank. Interrogatories to garnishee drew answers stating that there was a checking account in the bank at the time of the service of the writ in the name of Signal Dodge, Inc., a Delaware corporation, in the approximate amount of $44,681.52.

Then on June 10, 1968, an interpleading petition was filed by appellant-intervenor. This pleading described intervenor as a Delaware corporation and stated that it was authorized to transact business in Missouri. It further asserted that it was the owner of the checking account and was entitled to the funds free from the garnishment. It prayed that the court discharge the garnishee from any liability and confirm the title of the appellant-intervenor to the proceeds of the account.

At a hearing before the court on June 19, 1968, the issues were limited by counsel to the matters set forth in the intervening petition. Intervenor's evidence consisted in large part of the testimony of Seymour L. Rosenthal, the president of Signal Dodge, Inc. He said Signal Dodge was a Delaware corporation and in such capacity owned the bank account at the bank. He admitted that Signal Dodge, Inc., the Delaware corporation, had done business with Robert Martin and that Martin had claimed a balance due him. John Traynor, the secretary-treasurer of the company, had been served in the original suit on January 23, 1968 at the usual business office of the company in St. Louis County. Robert Martin, the plaintiff, had done business with the company at the same location and had dealt with certain named

employees, including Traynor, who had been previously identified by Rosenthal. He had also performed repair jobs at the request of Rosenthal, himself. These repair jobs were authorized by work orders from the company.

A certificate of James C. Kirkpatrick, Secretary of State of Missouri, dated June 13, 1968, was received in evidence. It recited that records in his office showed that Signal Dodge, Inc. was incorporated under the laws of the State of Delaware on September 24, 1965, and it was an existing corporation in good standing in his department.

■■■ On appeal Signal Dodge first says that the court erred in making a finding that the intervenor failed to plead or prove the allegations of the intervening petition. Signal Dodge believes that since it proved without question that it was a Delaware corporation, and since the bank account belonged to it, the intervening petition was sustained by the proof and it was entitled to the funds free of the garnishment. It overlooks the fact that it is actually the judgment debtor and not a third party claimant coming in under the provisions of Civil Rule 90.08, V.A.M.R., same as Section 525.090 RSMo 1959, V.A. M.S., to assert its right to the bank account. It is true that the sole issue in such a proceeding is the ownership and right of the interpleader to the property. (Harrison v. Harrison, Mo.App., 339 S.W. 2d 509, 517). The rule, itself, requires that no judgment shall be rendered against the garnishee until the interplea is determined. But the intervenor was not a third party asserting a good faith claim to the money. Suit had been filed against Signal Dodge, Inc. In plaintiff's petition it was alleged that defendant was a corporation, and then, according to Signal Dodge, plaintiff made the fatal mistake of saying that defendant was organized and existing under the laws of Missouri. Signal Dodge says that this causes the judgment to be against some corporate entity other than

itself. It overlooks, however, the general rule followed by our courts that mere misnomer of a corporate defendant in words and syllables is immaterial, provided there is no substantial mistake so as to indicate a different entity, it is duly served with process, and the corporation could not have been, or was not, misled. (Blades v. Cinder Block Co. of St. Louis, Mo.App., 10 S.W.2d 319, 320; see also: Orona v. Consolidated Cab Co., Mo.App., 373 S.W. 2d 486, 488; L. C. R. Excavating Contractors, Inc. v. W. S. Happel Company, Mo. App., 440 S.W.2d 135).

In the instant case Signal Dodge, Inc. was the named defendant, one of the corporate officers was served with process at its regular place of business, and the corporation could not have been misled by the proceeding since it had done business with the plaintiff. It is a clear case of misnomer which did not affect any material rights of the appellant.

Furthermore, the customary phrase, "of a location", is not to be considered as a part of the corporate name. Rather, it is descriptive of the situs of the corporation itself, so that the omission or addition of such phrase is generally regarded as immaterial. (Blades v. Cinder Block Co., supra). In Blades, the plaintiff sued Cinder Block Company of St. Louis, a corporation. Service was obtained on the vice-president of the company, at the usual business office of the defendant. No appearance was made by defendant and a judgment was rendered in favor of plaintiff. Upon execution, cinder blocks were seized and Cinder Block Company of Kansas City, Mo., filed a third party claim. It was conceded that there was no such corporation as Cinder Block Company of St. Louis and that the plant was actually owned and operated by Cinder Block Company of Kansas City, Mo. Letterheads and a sign on the premises indicated the St. Louis location in its corporate name. The officers listed in the letterheads were the officers of the Kansas City company.

As in Blades, the mistake in the case at hand rests solely in the description of the situs of the company. The real party, Signal Dodge, Inc., was correctly styled. This is not a mistake of a substantial nature that could, in any way, have misled the appellant.

■■ Appellant also contends that the court erred in considering extraneous matters such as appellant's previous dealings with plaintiff since such matters were not within the scope of the pleadings or the proceedings before it. Appellant overlooks the fact that in its intervening petition, it claimed title to the bank account as a third party and not as the judgment debtor. It was established that service of summons was had upon Traynor, the secretary-treasurer of Signal Dodge, Inc. Repair jobs had been authorized by work orders issued by this company. Employees, including the president, had dealt with plaintiff on these repair jobs. The evidence of prior dealings established, in part, that Signal Dodge, Inc. was actually the party sued and was not a third party who had no interest in the case other than as owner of the bank account. This evidence was pertinent to the issues and was properly admitted. In a proceeding to establish a third party claim to a debt or property involved in a garnishment proceeding, any evidence which is relevant to the issues and otherwise competent is admissible. (38 C.J.S. Garnishment § 288(b), p. 567.) The test is to determine whether the particular testimony directly touches upon the issue so as to get to the truth of it. If it is "but a link in the chain of evidence tending to prove the issue by reasonable inference, it may nevertheless be relevant." (Crowley v. Crowley, Mo.App., 360 S.W. 2d 293, 296, quoting Jones Commentaries on Evidence, Sec. 587).

■ We should further point out that where a defendant is misnamed in an action, it has the right to interpose a proper and timely objection to the defect and to have it corrected. Failure to promptly raise the objection as to misnomer results in waiver of the objection. Such an objection should be raised before issue joined, and before trial, verdict or judgment. (Orona v. Consolidated Cab Company, supra). After service on its secretary-treasurer at the usual place of business, Signal Dodge, Inc., the Delaware corporation, failed to object and filed no pleading. It allowed judgment to go against it by default and is now precluded from objecting to the use of an improper description of its situs of incorporation.

Signal Dodge, Inc. also says that the court erred in finding that it failed to plead sufficient facts showing it was entitled to the relief sought. This determination is found in the court's judgment which at the same time held that upon the evidence adduced, the intervenor had failed to prove the allegations of the intervening petition. The court judgment then dismissed the intervening petition. Considering our determination of this case on appeal, the inclusion of such a phrase was surplusage and does not affect the merits of the court's decision dismissing the intervenor's petition. Such dismissal was based upon the evidence given in support of intervenor's claim. This showed that intervenor was not a third party claimant but actually the defendant in the original action that gave rise to the money judgment against it.

Other matters raised by appellant are not pertinent in view of our findings in this case.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.