David Paul KRAJCOVIC, Appellant,

v.

Judith Ann KRAJCOVIC, Respondent.

No. 49378.

Missouri Court of Appeals,
Eastern District,
Division One.

June 25, 1985.

Edward P. McSweeney, St. Louis, for appellant.

Hal Berrien Coleman, Clayton, for respondent.

KAROHL, Judge.

Appellant David Paul Krajcovic former husband of respondent Judith Ann Krajcovic appeals trial court order modifying dissolution decree. The issues focus on that portion of the decree regarding maintenance and child support.

At the time of dissolution in September 1975, the parties had four children; David, Lisa, Michael and Jennifer. The decree, which incorporated a separation agreement of the parties, awarded custody of the four children to wife. It provided that husband pay wife twenty-five percent of his net income after income taxes from his medical practice as maintenance and child support. In any event, husband was not to pay less than $1,000 per month for maintenance and $250.00 per month per child as support. Wife was awarded the family home at 21 West Glendale Drive in St. Louis County, Missouri and she agreed to make the payments on a note secured by a deed of trust on the property. The other provisions of the decree are not relevant to this appeal.

On July 1, 1980, the trial court modified the decree. Husband was to assume all house payments and taxes on the West Glendale property. "Upon sale of the residence husband shall recover from the proceeds of the sale an amount equal to all payments made by him for principal and interest paid." Child support minimum payments were increased to $281.25 per month per child.

Husband formed a corporation, St. Louis Surgical Consultants, Ltd., in October 1981, to manage the operations of his medical practice. He was paid his salary directly from the corporation. He owns 100% of the stock of the corporation. His present wife, Sandra, is employed full-time in his office as a secretary, accountant and nurse. He is the president and his wife is the secretary of the corporation. There are no other officers or directors.

On June 18, 1984 the trial court again modified the 1975 decree. Husband was awarded primary custody of David and Lisa, with reasonable rights of visitation and temporary custody to wife. Husband was ordered to pay $500.00 per month per child for Michael and Jennifer. The order of July 1, 1980 was amended by agreement of the parties so that husband recover an amount equal to all payments he made on the principal of the home since July 1, 1980, if the home was sold. The parties stipulated and agreed "to submit upon briefs to the court the issue of [wife's] entitlement to 25% of the net income, after taxes, of [husband's] income derived from medical practice; (para 10, Decree 1975) both corporate and individual income tax returns for years 1976 through 1983 to be submitted to the court."

On October 1, 1984 the trial court entered the following order:

Petitioner [husband] should make the minimal payments every month, as per the modification made on June 18, 1984. At the end of the corporate tax year, petitioner will furnish a copy of both his corporate and personal income returns. Respondent [wife], abiding by the definition ordered by the Court herein, will calculate the amount due over and above the minimum paid. Petitioner will pay that amount at the beginning of the next tax year. This Order is not retroactive, but is effective for the corporate tax year ending September 30, 1984.

The court interpreted the "25% of the net income" provisions in light of the effect of the corporation as follows:

The Court finds that the phrase in the 1975 Decree 'twenty-five percent (25%) of the net income after income taxes derived from his medical practice either in the form of personal salary or earnings of a closely held corporation formed for his medical practice, after deductions only for expenses and income taxes, personal or corporate, actually paid.

Husband claims trial court error on four points. First husband contends the October 1, 1984 modification order is too vague and uncertain to be enforceable because it fails to define which expenses should be considered in computing net income.

■■■ A provision in a dissolution decree may be a valid and enforceable judgment even though facially uncertain in amount. The trial court may upon motion determine the exact amount due in accordance with the agreement of the parties, and then, upon proper application proceed to enforce the judgment. *Bryson v. Bryson*, 624 S.W.2d 92, 98 (Mo.App.1981). Wife argues that husband's point is premature and therefore moot as no actual controversy presently exists. She states that any uncertainty as to the order will not arise until the calculations as to the amounts due are complete. We agree. The trial court's order directs husband to make minimal payments every month as per the June 18, 1984 modification and furnish a copy of both his corporate and personal income returns at the end of the corporate tax year. It is the wife who must abide by the order of the trial court, calculate and prove the amount due over and above the minimum paid. If there is an uncertainty as to the calculations of the amount due at that time then husband can move to ascertain the amount due before the trial court. *Bryson*, 624 S.W.2d at 98. In that wife has not complained as to the uncertainty or vagueness of the order a ruling as to husband's contention would amount to an advisory opinion which is not a function of an appellate court. *See Warren v. Warren*, 601 S.W.2d 683, 687 (Mo.App.1980).

Husband's second contention is that the trial court erred in ordering husband to furnish a copy of his corporate tax returns to wife as there is no factual legal basis on which the trial court could "pierce the corporate veil."

■■■ Ordinarily, a corporation is regarded as a separate entity, distinct from the members who compose it. Such entity, though, will be disregarded when it appears the corporation is controlled and influenced by one or a few persons and in addition, that the corporate cloak is utilized

as a subterfuge to defeat public convenience, to justify wrong, or to perpetrate fraud. *Eugene Alper Construction Company, Inc. v. Joe Garavelli's,* 655 S.W.2d 132, 135 (Mo.App.1983). The court in *Butler v. Butler,* 379 S.W.2d 175, 178 (Mo.App. 1964), said it would be proper to lift the corporate veil and consider earnings of the corporation which was solely owned by the husband, except for qualifying shares owned by others, in determining husband's income on the wife's motion, in her divorce case, for alimony pendente lite.

In the instant case the husband owns 100% of the corporation, is the president, and has complete control over the corporation. Under the alter ego or instrumentality rule when a corporation comes under the domination of a person as to have become a mere instrument of that person and is really indistinct from the person controlling it then the corporate form will be disregarded if to retain it results in injustice. *See Mills v. Murray,* 472 S.W.2d 6, 13 (Mo.App.1971).

We conclude the trial court did not err in ordering husband to furnish wife a copy of both his corporate and personal income returns. The original 1975 decree provided that husband shall pay to wife as maintenance and child support an amount equal to 25% of the net income after income taxes derived from his medical practice. The fact that husband formed a corporation after the dissolution does not justify husband's argument to deny access to the corporate returns, to enable wife to make the necessary calculations and the court to consider the issue. Husband had a legal obligation to pay the agreed percentage of income derived from his medical practice to his former wife and children. It would be wrong to let the corporate veil stand to disregard the corporate income as part of husband's obligation. This is not a piercing of the corporate veil to determine who is liable, the corporation or the owners.

Husband also argues his income from his share of the corporate profit shar-

ing plan, employee benefit program and corporate retained earnings should not be included in his income (or that they are proper business deductions) because they are not taxed currently and as such not applicable to the court's decree. The court, however, specifies that only the actual tax paid is to be deducted from the total income. Just because the tax consequences are different for the profit sharing plan, benefit program and retained earnings, the income derived therefrom is not exclusive of husband's obligation to pay the percentage of net income derived from his medical practice. For tax reasons husband has chosen to shelter income by the use of these programs. In so doing he has unilaterally altered the original agreement and decree. But the funds deposited or paid on these accounts are not "cost of doing business" expenses. Point denied.

Husband next contends the trial court erred in ordering him to pay 25% of his net corporate income after income taxes above a minimal preset amount when, under the terms of the original decree, wife was entitled to only 18.75% of husband's net income after taxes. This contention is raised for the first time on appeal. No such claim or argument was made before the trial court. An issue cannot be presented for the first time on appeal as nothing is preserved for review. *In Interest of J.__ Y.__,* 637 S.W.2d 670, 673 (Mo. banc 1982). Point denied.

Finally, husband claims the trial court erred in failing to credit house payments and medical expenses to husband's obligation to pay 25% of the income derived from his medical practice. Husband contends the house payments and medical expenses should be considered and credited as maintenance payments to wife because wife has sole ownership of the home. The original decree and modifications demonstrate that husband's agreement to pay for medical expenses and house payments are separate and independent to his agreement to pay 25% of his income for maintenance and child support. Although husband's obligation to make house payments has been

modified, his obligation to make child support and maintenance payments has not. The 1980 and 1984 modifications entitle husband to recover an amount equal to his house payments from the proceeds of the sale of the home. These provisions entitle husband to credit for his present house payments but do not relieve husband from his original agreement to pay maintenance and child support.

We find the judgment is not against the weight of the evidence and properly declares and applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

We affirm.

PUDLOWSKI, P.J., and GAERTNER, J., concur.