**Glen GORE and Janice Gore, d/b/a Town West Development, Garnishors–Respondents,**

v.

**William M. LONDOFF, Garnishee–Appellant.**

**No. 58599.**

Missouri Court of Appeals, Eastern District, Division One.

March 19, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 16, 1991.

Margaret M. Neill, St. Louis, for garnishee-appellant.

Leslie A. Broome, St. Charles, for garnishors-respondents.

KAROHL, Judge.

This is an appeal by garnishee, William M. Londoff, after judgment for garnishors, Glen and Janice Gore, d/b/a Town West Development in the amount of $1,103.50. The execution and garnishment was intended to enforce a judgment of the Gores against Dennis and Linda Noack. Garnishee claims the court erred because: (1) it did not have jurisdiction over the debt garnished because service on William M. Londoff, individually, was insufficient to reach funds held by William M. Londoff, P.C.; and (2) at the time of service of the Request and Order for Garnishment, neither garnishee nor his professional corporation retained possession of anything belonging to Dennis and Linda Noack. We reverse.

William M. Londoff, P.C. represented the Noacks as their attorney in a personal injury claim. While this claim was pending, the Noacks informed Londoff of a consent judgment entered against the Noacks on the Gore's rent and possession suit. Thereafter, the Noacks authorized Londoff to agree to pay the consent judgment from the proceeds of a settlement of their personal injury claim.

On February 23, 1989, the Noacks' personal injury claim was settled. On the same day, they revoked their authorization to Londoff, P.C. to pay the consent judgment. The settlement draft was received and deposited in the corporate trust account. Londoff issued and delivered a corporate check on the trust account to the Noacks for all their share of the settlement.

William M. Londoff was served with a Request and Order for Garnishment at his home on February 28, 1989. That document names "William M. Londoff, Attorney at Law" as garnishee. Mr. Londoff timely filed his answers to interrogatories. He then filed a Motion to Quash the Garnishment which the court denied. Evidence was adduced and judgment entered in favor of the Gores.

Mr. Londoff's first point on appeal asserts that naming "William M. Londoff, Attorney at Law," as garnishee on the Request and Order for Garnishment resulted solely in service upon William M. Londoff, an individual. Mr. Londoff contends he did not have control or possession of the proceeds from the personal injury claim in an individual capacity; therefore, the court did not acquire jurisdiction over the debt garnished.

■ Garnishment notice is an indispensable prerequisite to obtaining jurisdiction over the debt garnished. *Feltner v. U.S. Army Fin. and Accounting Center*, 643 S.W.2d 648, 649 (Mo.App.1982). When a garnishee is served with summons and appears in court, he waives any defect as to him personally, but this waiver does not confer jurisdiction over the debt garnished. *State ex rel. Specialty Foam Prod. v. Keet*, 579 S.W.2d 650, 654 (Mo.App.1979).

Service attaches the property subject to garnishment if it is in the garnishee's possession or charge or under his control. Rule 90.06.

■ Here, the Gores served William M. Londoff individually. He appeared in court and answered interrogatories to garnishee in the same capacity. He did not possess any property of the Noacks in his individual capacity. The settlement proceeds were held by William M. Londoff, P.C. The proceeds were deposited into the corporation's trust account and subsequently, the corporation issued checks to the Noacks in satisfaction of the settlement. Corporations are separate entities, distinct from the members who compose it. *Karjcovic v. Krajcovic*, 693 S.W.2d 884, 886 (Mo.App. 1985). In the absence of some exceptions to this rule, recognized in *Karjcovic* but not relevant here, service on William M. Londoff individually did not reach funds held by his professional corporation.

The Gores argue "the mere misnomer of a corporate defendant is immaterial if the corporation was not thereby misled." They rely on *Orona v. Consolidated Cab Co.*, 373 S.W.2d 486 (Mo.App.1963). In *Orona* plaintiffs sued "Consolidated Cab Company, a corporation" but service was upon "Consolidated Cabs, Inc.," the correct name of the intended defendant. *Id.* at 487. The decision to uphold a garnishment on Consolidated Cabs, Inc. was based in part on a theory of waiver of the defect because defendant corporation failed to timely object to the defect. *Id.* at 488.

A misnomer occurs when a corporation is sued as the intended defendant by the wrong name but served with process. *Id.* However, this is not a case of misnomer. Although the Gores may have intended to serve William M. Londoff, P.C., they did not do so. Misnomer cannot be used to correct a mistake which brings the incorrect party into court. Further, William M. Londoff as an individual raised the defect by motion before judgment. *Orona* is not on point.

Accordingly, the trial court did not acquire jurisdiction over William M. Londoff,

P.C. or the funds garnished. William M. Londoff as an individual was not indebted to the Gores and did not hold any of their property. The court erroneously declared and applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The court erred as a matter of law in entering the judgment. It is unnecessary for us to consider garnishee's second point.

Judgment against William M. Londoff, garnishee, is reversed.

PUDLOWSKI, P.J., and GRIMM, J., concur.