Ronald D. WATSON,
Plaintiff-Appellant,

v.

E.W. BLISS COMPANY, et al.,
Defendants-Respondents.

No. 66732.

Supreme Court of Missouri,
En Banc.

Feb. 18, 1986.

Patrick Beeman, John H. Norton, Kansas City, for plaintiff-appellant.

William T. Smith, III, Charles E. Patterson, Kansas City, for defendants-respondents.

HAROLD L. SATZ, Special Judge.

Plaintiff appeals from a grant of summary judgment against him. We granted transfer from the Western District Court of Appeals to consider the reach of the relation back doctrine and now determine the cause as though on original appeal. Mo. Const. Art. V, Sec. 10. We reverse and remand.

There are two basic issues in this case: (1) whether plaintiff's first amended petition can relate back to his original petition, and (2) whether the grant of summary judgment is final for purposes of appeal. These issues are narrow. They are created, however, by the complex history of the named defendant and the peculiar procedural history of this case in the trial court.

### Corporate History

The corporate history is established by the uncontroverted affidavit of the vice-president and "resident" counsel of Gulf & Western Industries, Inc.

Gulf & Western Industries, Inc. is the parent corporation of two wholly-owned subsidiaries: Gulf & Western Corporation and Gulf & Western Manufacturing Company. Gulf & Western Corporation publishes books and manufactures cigars. Gulf & Western Company manufactures power punches.

The punch manufacturing business of Gulf & Western Manufacturing Company is historically traced to E.W. Bliss Company (Old Bliss). Prior to 1968, Old Bliss manufactured power punches and shears. During this time, it was unrelated and unconnected to Gulf & Western Industries, Inc. In 1968, Old Bliss "merged" into Simbartha, Inc., a wholly-owned subsidiary of Gulf & Western Industries, Inc. After the merger, Old Bliss ceased to exist. Simbartha, Inc. subsequently changed its name to E.W. Bliss Company (New Bliss).

New Bliss sold its punch manufacturing business to Bonney Forge and Foundry, Inc., another wholly-owned subsidiary of Gulf & Western Industries, Inc. New Bliss continued to exist as a shell corporation, doing no business and having no employees. Then, after 1975, through "a series of name changes and sales," the punch manufacturing business acquired in the Old Bliss merger "came to be owned and operated" by the Gulf & Western Manufacturing Company. Gulf & Western Manufacturing Company conducts this punch manufacturing business through a division named E.W. Bliss Division.

### Procedural History In Trial Court

During this corporate evolution, plaintiff was injured. On July 20, 1977, plaintiff injured his hand while operating a "punch shear machine." Apparently unaware of the full corporate history of Old Bliss, plaintiff filed suit against "E.W. Bliss Company, Gulf & Western Heavy-Duty Division." According to the affidavit of record, no such entity has ever existed. Plaintiff's suit was filed on July 20, 1982, the last day permitted by the statute of limitations. Summons was issued to E.W. Bliss Company, Gulf & Western Heavy-Duty Division, to be served on "C.T. Corporate System."[1] The summons was returned not found, with an unsigned notation "not the agent." Shortly thereafter, plaintiff ordered an alias summons to issue to E.W. Bliss Company, Gulf & Western Corporation instead of E.W. Bliss Company, Gulf & Western Heavy-Duty Division. The direction was to serve C.T. Corporation. On October 25, 1982, some three months after the limitations period, service was made on "John Kelley, Mgr. for C.T. Corp. who accepted service thereof for and on behalf of E.W. Bliss Co."

Subsequently, a motion to dismiss was filed, signed by the "Attorneys for Defendant" and accompanied by the affidavit of the "Senior Vice-President and Resident Counsel of Gulf & Western Industries, Inc." The affidavit set out the previously noted corporate history of E.W. Bliss Company. The motion sought dismissal on the grounds that "defendant [was] not the proper party defendant" and that the "proper party defendant" had not received notice of the institution of the action within the applicable statute of limitations.

Based on information apparently gained from the affidavit, plaintiff requested leave to file an amended petition "to add as a party defendant" Gulf & Western Industries, Inc. The proposed amended petition

---

**1.** Apparently this reference is to "C.T. Corpora-  tion."

was captioned: "Ronald D. Watson v. E.W. Bliss Division of the Gulf & Western Manufacturing Co., a wholly-owned subsiderary [sic] of Gulf & Western Industries, Inc." Plaintiff's request was granted.

Then, with no indication in the record that it had been served under its proper name, "Gulf & Western Manufacturing Company," as "defendant," filed a motion for summary judgment. To support its motion, "defendant" Gulf & Western Manufacturing Company "incorporate[d] by reference its prior Suggestions in Support" of the motion to dismiss or for summary judgment, "together with the [previously filed] Affidavit of Robert L. Jones," vice-president and resident counsel of Gulf & Western Industries, Inc. As grounds for its motion, "defendant" Gulf & Western Manufacturing contended that plaintiff's claim was barred by the applicable statute of limitations and that plaintiff's amended petition could not relate back under Rule 55.33(c). A second alias summons was ordered to issue, was issued and served with the amended petition on "John Kelley, Mgr. for C.T. Corp. who accepted service . . . for and on behalf of E.W. Bliss Co." Subsequently, the trial court entered judgment in favor of "defendant" and dismissed plaintiff's petition. The victorious party defendant was not further identified by the court.

■ Plaintiff's original petition against "E.W. Bliss Company, Gulf & Western Heavy-Duty Division" was filed within the limitations period. Plaintiff contends his amended petition against this party defendant and "E.W. Bliss Division of the Gulf & Western Manufacturing Company" did not change or add a party defendant but merely corrected a "misnomer" of the defendant in his original petition. · Therefore, he rea-

sons his amended petition should relate back to his original petition and notice to Gulf & Western Manufacturing Company would thus be effected within the proper limitations period. We agree.

Plaintiff's original and continuing intention is clear. Using an objective standard, it is reasonable to conclude plaintiff sought to sue the corporate entity liable for his injuries—the company which manufactured the punch press, or the successor to its business. He did designate the defendant in his initial pleading as "E.W. Bliss Company." But, he used a name which Gulf & Western Manufacturing Company now uses to describe a portion of its business. There is a striking similarity between plaintiff's originally described defendant: "E.W. Bliss Company, Gulf & Western Heavy-Duty Division" and defendant's designation of the proper defendant: E.W. Bliss Division, Gulf & Western Manufacturing Company. Plaintiff's description of the defendant never centered or focused solely on the corporate name of Old Bliss or New Bliss. Viewed in the light of the corporate history of the Old Bliss punch press manufacturing business, plaintiff's misdescription was understandable. Gulf & Western Manufacturing Company uses the name of E.W. Bliss for its own purposes. It should not be heard to object when sued in that name. Plaintiff simply was mistaken in describing defendant.

Plaintiff's misnomer does not destroy the effectiveness of his petition. Plaintiff timely filed his suit on July 20, 1982. Gulf & Western Manufacturing Company concedes it received notice of the action when service was made on its registered agent on October 25, 1982.[2] Admittedly, this occurred about three months after the stat-

---

2. This concession appears in Gulf & Western Manufacturing Company's Suggestions in Opposition to Transfer to this Court. The concession is understandable. As the record shows, on October 25, 1982, "John Kelley" accepted service of the petition and summons "on behalf of E.W. Bliss Co." The motion to dismiss filed in response to this service of process was filed by the same attorney who filed the subsequent motion for summary judgment on behalf of Gulf & Western Manufacturing Company. Moreover,

in support of its motion for summary judgment, Gulf & Western Manufacturing Company "incorporate[d] by reference *its* prior Suggestions in Support" of the motion to dismiss. Finally, the same affidavit of the vice president and "resident" counsel of Gulf & Western Industries, Inc., the parent Company of Gulf & Western Manufacturing Company, was used in support of both the prior motion to dismiss and the subsequent motion for summary judgment.

ute of limitations had run. This three month delay of service was reasonable, however, and, thus, the statute of limitations was tolled. *See, e.g., Votaw v. Schmittgens,* 538 S.W.2d 884, 886 (Mo.App. 1976); *Emanuel v. Richards,* 426 S.W.2d 716, 719 (Mo.App.1968). In short, plaintiff's suit was timely filed; the delay in service was reasonable; the running of the statute of limitations was tolled; Gulf & Western Manufacturing Company was, thus, properly before the court prior to the end of the limitations period.

Plaintiff subsequently corrected the misnomer or misdescription of Gulf & Western Manufacturing Company. This correction relates back to the date of the filing of his petition. Relation back of a correction of a misnomer historically has been allowed when it is clear the proper party received notice. *See e.g., Daiprai v. Moberly Fuel & Transfer Co.,* 359 Mo. 789, 223 S.W.2d 474, 476 (1949). *See also Martin v. Signal Dodge, Inc.,* 444 S.W.2d 29, 31 (Mo.App. 1969); *3 Moore's Federal Practice* Sec. 15.-15 [4.–1], at 15–158 (2d ed. 1985). These rulings continue today. *See, e.g., Washington v. T.G. & Y Stores Co.,* 324 F.Supp. 849, 856 (W.D.La.1971); *Wentz v. Alberto Culver Co.,* 294 F.Supp. 1327, 1328–1329 (D.Mont.1969). We see no reason to change this rule.

■ Defendant contends the misnomer here in reality constitutes a "change" in party under Rule 55.33(c), and proper application of Rule 55.33(c) would produce a contrary result. We disagree.

Our Rule 55.33(c) tracks present Rule 15(c) Federal Rules of Civil Procedure. Prior to 1966, Rule 15(c) focused on a change of claim or defense and provided that:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

During this period, if the plaintiff sought to correct a "misnomer" or a misdescription of the defendant and the party before the court was the party the plaintiff intended to sue, the court reasoned there was no change in the party before it. Since that party had notice of the claim, an amendment correcting the misnomer or misdescription would relate back. *3 Moore's Federal Practice* Sec. 15.15[4.–1], at 15–158 (2d ed. 1985). *See also Daiprai,* 223 S.W.2d at 476.

In 1966, Rule 15(c) was amended by adding two new requirements which focused on "[a]n amendment changing the party."[3] A misnomer or misdescription, however, was still not considered to be a "change" in party, and, thus, still was held to be governed simply by the requirements in the first sentence of Rule 15(c). *See, e.g., Washington v. T.G. & Y. Stores Co.,* 324 F.Supp. 849, 856 (W.D.La.1971); *Wentz v. Alberto Culver Co.,* 294 F.Supp. 1327, 1328–1329 (D.Mont.1969). *See also Holden v. R.J. Reynolds Industries,* 82 F.R.D. 157, 160–161 (M.D.N.C.1979); *Armijo v. Welmaker,* 58 F.R.D. 553, 555 (D.Ariz.1973); 6 Wright and Miller, *Federal Practice and Procedure,* Sec. 1498, at 513 (1971).

We recognize that others have construed a misnomer or misdescription as a change in party under present Rule 15(c). *See* Rule 15(c), Advisory Committee's Notes, 39 F.R.D. 82, 82 (1966); *Ingram v. Kumar,* 585 F.2d 566, 570 (2d Cir.1978), *cert. denied,* 440 U.S. 940, 99 S.Ct. 1289, 59

---

**3.** Rule 15(c) now reads:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law

for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

L.Ed.2d 499 (1979). We do not agree with this interpretation. The misnomer theory existed long before the amendment of Rule 15(c) and our present Rule 55.33(c). The theory is still conceptually sound and, on balance, not difficult to apply. Its vitality and effectiveness have served us well in the past, and we see no reason to change or discard it.

The issue of the finality of the judgment is also before us. Having failed in his appeal of the trial court's judgment to the Western District Court of Appeals, plaintiff, for the first time, now contends the judgment was not final and, thus, argues the appeal is premature. Defendant continues to contend the judgment was final. We, of course, *sua sponte* would inquire into the finality of the judgment to assure our jurisdiction.

On the present record, sensible arguments both in favor and against finality of the judgment can be made, as reflected in the incisive majority and dissenting opinions of the Western District. The more compelling argument supports the conclusion the judgment is final.

No useful purpose would be served by an extended or detailed discussion explaining our choice of this conclusion. Plaintiff cannot complain. He will receive his complete day in court. Defendant cannot complain. It has consistently maintained the judgment is final. Thus, no addition is required to the already burgeoning area of the law on finality of judgment.

This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

HIGGINS, C.J., and BILLINGS, BLACKMAR, WELLIVER, and RENDLEN, JJ., concur.

DONNELLY, J., not participating.

ROBERTSON, J., not participating because not a member of the Court when cause was submitted.