**Clarence DAILING and Peggy Dailing, Plaintiffs–Respondents,**

v.

**Robert L. HALL and Joan Hall, Defendants–Appellants.**

No. 23431.

Missouri Court of Appeals, Southern District, Division One.

June 30, 2000.

Scott B. Stinson, Mountain Grove, attorney for appellants.

John Alpers, Jr., Cabool, attorney for respondents.

KENNETH W. SHRUM, Judge.

Plaintiffs brought a suit based on § 272.060 to recover from Defendants one half of what Plaintiffs spent building a "division" fence between their adjacent properties.[1] The trial court entered summary judgment for Defendants on the basis that the claim was barred by the doctrine of res judicata. Plaintiffs appeal. We affirm.

## FACTS AND PROCEDURAL HISTORY

The parties in this case are neighboring landowners in Texas County. They share a common boundary line of approximately one mile in length which is marked by a fence. Plaintiffs constructed a new fence without the Defendants' knowledge or agreement.

Plaintiffs originally sought to recover one half of their fencing costs ($3,642.00) by filing suit on alternate theories of recovery. Count I was an "Action on Oral Contract," Count II was an "Action in Quantum Meruit," and Count III was a "Statutory Action for Cost of Boundary Division Fence" pursuant to § 272.060. Defendants answered with general denials. They also counterclaimed for damage caused to their land when the fence was constructed.

Before trial, Plaintiffs dismissed Count I. They presented evidence on both Counts

1. Unless otherwise indicated, all statutory references are to RSMo 1994.

II and III and then submitted their case without electing or being forced to elect between their alternative theories. The trial judge entered judgment for Plaintiffs on Count II (quantum meruit), for Defendants on their counterclaim, and dismissed Count III (§ 272.060 action). Defendants appealed. In *Dailing v. Hall*, 1 S.W.3d 490 (Mo.App.1999) (*Dailing–I*) we reversed, holding that the fencing statutes were the rights of action available to Plaintiffs—not quantum meruit—as means of forcing Defendants to share in fence building costs.

Plaintiffs then filed a new case (the present suit) seeking fence cost reimbursement pursuant to § 272.060. Defendants moved for summary judgment, claiming that the doctrine of res judicata precluded this second action. The trial court agreed and entered summary judgment favorable to Defendants. Plaintiffs appeal from that judgment.

### STANDARD OF REVIEW

When considering appeals from summary judgments, an appellate court reviews the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376[1] (Mo.banc 1993). Review is essentially *de novo* and our criteria on appeal for testing the propriety of summary judgment are no different than those used by the trial court to determine if summary judgment was appropriate. *Id.* at 376[4, 5]. The propriety of summary judgment is purely an issue of

law. As the trial court's judgment is based on the record submitted and the law, the appellate court need not defer to the trial court's decision. *Id.* at 376[6].

### DISCUSSION AND DECISION

 Plaintiffs' single point relied on maintains the trial court erred when it found the doctrine of res judicata barred Plaintiffs' second effort via § 272.060 to recover fencing expenses from Defendants.[2] In advancing their argument, Plaintiffs recognize the doctrine of res judicata precludes parties from contesting matters the parties have had a full and fair opportunity to litigate. *Lay v. Lay*, 912 S.W.2d 466, 471[7] (Mo.banc 1995). Even so, they insist the *Dailing–I* judgment (which ruled the quantum meruit count favorably to them, but dismissed their alternative count under § 272.060) did not rule the § 272.060 count on its merits. They claim the dismissal of Count III by the trial court in *Dailing–I* was a "dismissal without prejudice" as envisioned by Rule 67.03.[3] Based on that premise, Plaintiffs state the following exception to the doctrine of res judicata attends:

"A judgment is not generally a bar under the doctrine of *res judicata* to the further prosecution of claims or demands which were excluded by the court, and, therefore, were no part of the verdict or judgment. Neither is a question concluded by a judgment if it was withheld, or although originally in issue or involved in an action, if it was excluded, withdrawn, or ruled out by the court and which, therefore, was not part

---

**2.** In relevant part, § 272.060 provides: "Whenever the fence of any owner of real estate, now erected ..., or which shall hereafter be erected ..., the same being a lawful fence ..., serves to enclose the land of another, or which shall become a part of the fence enclosing the lands of another, on demand by the person owning such fence, such other person shall pay the owner one-half the value of so much thereof as serves to enclose his land...."

**3.** Rule 67.03 provides: "A defendant may move for an involuntary dismissal of the civil action for lack of jurisdiction, for prematurity of action, for failure to substitute a party for a decedent and for such other dismissals as are allowed by these Rules 41 through 101. Defendant may also move for an involuntary dismissal of the civil action or failure of the plaintiff to prosecute or to comply with these Rules 41 through 101. Any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify."

of the verdict or finding and final judgment in a case."

*Hart–Bartlett–Sturtevant Grain Co. v. Aetna Ins. Co.*, 365 Mo. 1134, 293 S.W.2d 913, 929[13–14] (1956). We disagree.

■ To state the *Hart–Bartlett–Sturtevant* exception to the doctrine of res judicata is to demonstrate its inapplicability here. By its very terms, the *Hart–Bartlett–Sturtevant* exception is limited to instances where the trial court took some affirmative action to remove an issue or claim from consideration *before* entry of judgment. *See J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 215 (6th Cir.1996). That is not what happened here. Plaintiffs' Count III pleading in the first lawsuit was never challenged or called into question. Nothing on the face of Plaintiffs' original pleadings suggested the trial court lacked subject matter jurisdiction or personal jurisdiction over the parties. Accordingly, the trial court was not called upon and had no opportunity to exclude, withdraw, or rule out Count III before the first case was submitted. To the contrary, Plaintiffs presented evidence on both their quantum meruit theory (Count II) and § 272.060 claim (Count III) and then submitted both theories to the court without being required to elect between the two causes of action. Since Plaintiffs opted to cast their litigation in this form, the *Dailing–I* trial court had no choice but adjudicate what was submitted. It necessarily follows, therefore, that the resolution of the § 272.060 claim on its merits formed a part of the judgment in *Dailing–I*.[4]

■ That the *Dailing–I* trial court cast its adjudication of Count III in the language of a dismissal is of no consequence. "A dismissal without prejudice may never-

theless operate to preclude the party from bringing another action for the same cause, and may nevertheless be *res judicata* of what the judgment actually decided. When the effect of the order is to dismiss the plaintiff's action and not the pleading merely, then the judgment entered is final and appealable." *Mahoney v. Doerhoff Surgical Services*, 807 S.W.2d 503, 506 (Mo.banc 1991) (citations omitted). Here, the effect of the *Dailing–I* judgment was to dismiss Plaintiffs' § 272.060 action, not just their pleadings on that theory; consequently, the judgment entered was final and appealable.

■ Plaintiffs' argument that there was no final judgment because it was not had upon the merits is also fallacious. "A 'judgment on the merits' is one rendered after argument and investigation and when it is determined which party is in the right, as distinguished from a judgment rendered upon some preliminary or merely technical point, or by default, and without trial." *Bi–State Dev. Agency v. Whelan Sec. Co.*, 679 S.W.2d 332, 336[5] (Mo.App. 1984). Measured by that standard, the *Dailing–I* judgment was a "judgment on the merits" as to Count III. "[A]n appeal from ... a dismissal can be taken where the dismissal has the practical effect of terminating the litigation in the form cast." *City of Chesterfield v. Deshetler Homes*, 938 S.W.2d 671, 673 (Mo.App.1997). Here, dismissal of Count III via the *Dailing–I* judgment had the practical effect of terminating the litigation as regards the § 272.060 claim.

Plaintiffs never objected to the *Dailing–I* judgment and never perfected an appeal from the judgment which finally determined their rights to the same matter they

---

4. In so stating, we do not ignore Plaintiffs' observation that the trial court made no specific ruling as to the "applicability of the Chapter 272 statutes to the part[ies'] circumstances nor to the evidence presented by the parties concerning the elements of the Count III cause of action." We note, however, neither party requested findings of fact or con-

clusions of law, and the trial court made none with reference to the issues presented by Count III. When not so requested, all facts and issues are considered to have been determined in accordance with the result reached. Rule 73.01(a)(3); *Meredith v. Brackett*, 856 S.W.2d 103, 107[1] (Mo.App.1993).

are seeking to litigate in this controversy, i.e., their entitlement to recover for one-half the cost of a fence erected pursuant to § 272.060. These facts authorize the application of the *doctrine of res judicata*. The trial court did not err in entering summary judgment for Defendants based on the doctrine of res judicata. Point denied.

The judgment is affirmed.

CROW, P.J., CONCURS.

PARRISH, J., CONCURS.