**AMERICAN PROPERTY MAINTE-NANCE, d/b/a KMC Construction Company/Service Master, Respondent,**

v.

**Robert L. MONIA, Sr., et al., Appellants.**

**No. ED 78346.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 13, 2001.

David R. Orzel; Farmington, MO, attorney for appellants.

Allen E. Moss, Jr.; Cape Girardeau, MO, attorney for respondent.

Judge MARY K. HOFF.

Robert L. Monia, Sr. and Patti Anne Monia (the Monias) appeal the trial court's Second Amended Order and Judgment (judgment) to the extent it found in favor of American Property Maintenance d/b/a KMC Construction Company/Service Master (KMC)[1] on its mechanic's lien and quantum meruit claims arising out of work KMC did on property owned by the Monias.[2] We affirm in part, reverse in part to the extent the judgment awarded KMC contractual interest and attorney fees, and remand for an award of interest at the statutory rate.

In October 1997 the Monias' property in Ste. Genevieve, Missouri, was damaged by fire. Shortly thereafter, the Monias entered into an agreement with KMC for the repair and restoration of the damaged property. KMC completed some but not all of the work due to the Monias' request that others finish the job. In May 1998, KMC filed a mechanic's lien statement with respect to the labor and materials it had provided for the repair and restoration work it did complete for which the Monias had not paid.

In September 1998 KMC filed a three count Petition seeking monetary relief due to the Monias' failure to pay the amount KMC claimed was due for the work it had completed. In the mechanic's lien claim, KMC sought $17,880.27 for the amount owed, attorney fees, and "service charges and interest thereon from April 22, 1998, the date on which the original demand for payment thereof was made, and for costs," plus "a special lien against [the] real estate" for that amount. For its breach of contract claim, KMC sought $17,880.27 for the amount owed, reasonable attorney fees and costs, "service charges at the rate of 1.5% per month," and statutory prejudgment interest. Finally, for its quantum meruit claim, KMC requested $17,880.27 for the amount owed, plus interest and costs, "service charges at the rate of 1.5% per month," and reasonable attorney fees and litigation expenses.

After a non-jury trial on all claims, the trial court entered its original, then amended and second amended judgments. In relevant part, the trial court entered judgment in favor of KMC and against the Monias, jointly and severally, on KMC's mechanic's lien and quantum meruit claims; and dismissed without prejudice KMC's breach of contract claim. With respect to the mechanic's lien claim, the trial court's judgment provided that KMC was "granted a Mechanic's Lien on the [Monias'] property to secure the payment of the debt of $6,316.78 plus the contractual service charge of 1.5% per month on any

1. Although the Monias' notice of appeal and the trial court's judgment refer to this party as: American *Family* Maintenance d/b/a KMC Construction Company/Servicemaster (emphasis added), the name of this party in its Petition which began this lawsuit (and in every document from the trial court that is in the record on appeal, except for the trial court's judgments) is: American *Property* Maintenance Co. d/b/a/ KMC Construction Company/Servicemaster (emphasis added). This party should be listed as American Property Maintenance d/b/a/ KMC Construction Company/Service Master.

2. The Monias do not appeal the judgment to the extent the trial court found against them on their Counter Petition for Damages. Therefore, we will not further address that aspect of the judgment and proceedings.

In its judgment, the trial court also dismissed with prejudice, pursuant to stipulation, all counts against Leon Monia and Janet Huck, and dismissed Louise Monia as a party to the lawsuit.

unpaid balance retroactive to June 6, 1998." For the quantum meruit claim, the trial court's judgment stated that KMC was awarded "the amount of $7,738.78 plus the contractual service charge of 1.5% per month on any unpaid balance retroactive to June 6, 1998." The judgment further provided in relevant part that "the aforementioned contractual service charge shall be collectable upon any unpaid balance until this judgment is paid in full; [and] the [Monias] shall pay [KMC]'s attorney fees in the amount of $6,000.00." No party asked the trial court to enter findings of fact and conclusions of law with respect to any issue in the case. This appeal followed.

In their first three points, the Monias challenge the trial court's judgment in various respects. We will discuss those points together before addressing the Monias' last point which contests the trial court's imposition of sanctions for a discovery violation. First, the Monias argue the trial court erred in entering judgment on the mechanic's lien claim because KMC failed to file a full statement of the account due as required by Section 429.080 RSMo 1994[3] and failed to file a verified lien statement. In their second and third points, the Monias urge the trial court erred in awarding interest above the statutory rate and attorney fees on the mechanic's lien and quantum meruit claims.

 We will sustain the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Commercial Openings, Inc. v. Mathews*, 819 S.W.2d 347, 349 (Mo. banc 1991). In reviewing the judgment, we accept the evidence and inferences favorable to the judgment, while disregarding all contrary inferences.

*P & K Heating and Air Conditioning, Inc. v. Tusten Townhomes Redevelopment Corp.*, 877 S.W.2d 121, 123 (Mo.App. E.D. 1994). If the trial court's factual findings are supported by substantial evidence in the record, we are bound by those findings. *Id.*

In the first part of their first point, the Monias argue the lien statement was not just and true because it included items that could not be the subject of a lien.

 Compliance with Section 429.080 is a condition precedent to the right to maintain an action and enforce a lien on property. *Holekamp Lumber Co. v. Skay*, 65 S.W.2d 669, 671 (Mo.App. E.D.1933) (discussing the requirements of Section 3161, R.S.1929, a predecessor to Section 429.080). In relevant part, that statute requires a lien claimant to file "a just and true account" of the amounts due. Section 429.080; *Commercial Openings, Inc.*, 819 S.W.2d at 349 (discussing the requirements of Section 429.080 RSMo 1986, a predecessor to Section 429.080); *P & K Heating and Air Conditioning, Inc.*, 877 S.W.2d at 126 (discussing the requirements of Section 429.080 RSMo 1986, a predecessor to Section 429.080). There is no precise definition of this statutory requirement, and whether a lien statement is a just and true account depends upon the particular facts of the case. *Dave Kolb Grading, Inc. v. Lieberman Corp.*, 837 S.W.2d 924, 933, 941 (Mo.App. E.D.1992) (discussing Section 429.080 RSMo 1986, a predecessor to Section 429.080). "A lien statement may be regarded as just and true, so as not to vitiate the entire lien, if the inclusion of a nonlienable item is the result of honest mistake or inadvertence without intent to defraud and if the nonlienable items can be separated from the lienable items." *Id.* at 941. It is a ques-

---

**3.** Unless otherwise indicated, all subsequent statutory citations are to RSMo 1994.

tion of fact for the trial court whether or not to overlook mistakes in a lien statement and treat it as just and true. *Id.*

■ Here, the lien statement included an attached three-page statement setting forth the $17,880.27 total amount KMC claimed was due, plus twenty-four single-spaced pages itemizing the type of work done and the location of that work within the damaged building. Each page itemizing the work has anywhere from three listings to thirty-seven listings on it, with more than four hundred listings set forth on all the pages. Among those numerous listings were itemizations for such things as "[o]zon[ing] quilts" and "[p]acking of glassware on shelves and put[ting] into boxes for temp[orary] storage. Will clean later." The total value of those two items was less than ten percent of the total amount itemized in the lien statement. The Monias pointed these items out to the trial court as not lienable. The trial court separated those items from the lienable items in the lien account statement, and deleted the value of those items, or a total of $1,422, from the mechanic's lien portion of the judgment, while retaining that amount as part of the quantum meruit portion of the judgment. To the extent the Monias urge certain other items listed in the lien statement are not lienable, i.e., charges for cleaning and dehumidifying the building, the Monias have not established the extent to which those items were included either in the amount sought by KMC through its mechanic's lien claim or in the trial court's mechanic's lien judgment. Notably, the trial court's mechanic's lien judgment is for a total amount that is approximately one-third the total amount KMC requested in its mechanic's lien claim.

There is no indication of record that KMC included the nonlienable items in the lien account statement either with the intent to defraud or as the result of anything other than an honest mistake or inadvertence. The trial court's determination to overlook and delete the nonlienable items, and consider KMC's lien account statement as just and true despite the inclusion of the separable nonlienable items, is supported by substantial evidence.

To the extent the Monias rely on *Holekamp Lumber Co., supra, Reese v. Hoyer,* 95 S.W.2d 884 (Mo.App. E.D.1936), and *Putnam v. Heathman,* 367 S.W.2d 823 (Mo.App. W.D.1963), in support of this part of the first point, we find those cases are not dispositive. In *Holekamp Lumber Co.,* we affirmed the trial court's denial of the enforcement of a lien which included an amount paid by a third party on behalf of the property owner that the lien claimant applied to a different indebtedness of the property owner rather than to the cost of the material that was the subject of the lien proceedings. *Holekamp Lumber Co., supra.* In the instant case there is no contention on appeal that the trial court's judgment includes any amount the Monias paid for work subject to the lien that KMC applied to any other debt owed by the Monias to KMC.

In *Reese,* we upheld the denial of a lien due to the inclusion of an amount for labor provided by someone other than the lien claimant, despite the fact the "item was readily separable from the other items stated in the account." *Reese,* 95 S.W.2d at 885–86. Here, there is no contention that someone other than KMC performed any of the work itemized by KMC. Additionally, our more recent case law permits the separation from lienable items of an item improperly included in the lien statement if it was not included with the intent to defraud. *Dave Kolb Grading, Inc.,* 837 S.W.2d at 941. That is what the trial court did here and, as we have found, that deci-

sion is supported by substantial evidence in the record.

Finally, in *Putnam* the Western District reversed a judgment enforcing a lien from which the trial court had deleted a loan amount improperly included in the lien statement as "advance labor." *Putnam*, 367 S.W.2d at 826. In relevant part, the appellate court found the lien claimant "deliberately, intentionally and knowingly falsified the [loan] item by labeling it 'advance labor' when in fact it was intended and used for a different purpose." *Id.* at 829. Here, there is no indication that KMC knowingly falsified any listed non-lienable items or that any itemizations represented something other than work performed by KMC.

In the second part of their first point, the Monias challenge the trial court's judgment on the ground the lien account statement was not verified as required by Section 429.080. The Monias did not present this challenge to the trial court. We cannot consider in this appeal a claim of error not presented to and decided by the trial court. *Drining v. Missouri Bone & Joint Clinic, Inc.*, 730 S.W.2d 293, 295 (Mo.App. E.D.1987). Therefore, we will not further address this aspect of the first point.

Point one is denied.

In their second and third points, the Monias contest the inclusion in the judgment of interest above the statutory rate and attorney fees on the mechanic's lien and quantum meruit claims. KMC acknowledges the mechanic's lien statute does not provide for an award of attorney fees or contractual interest. KMC urges the trial court's award of contractual interest and attorney fees is supported by the parties' written contractual provisions allowing an award of attorney fees and interest, or a service charge, at the rate of 1.5% per month for accounts delinquent more than forty-five days.

A court may award attorney fees to a successful litigant only when they are provided by statute or contract, where equity demands a balance of benefits due to the existence of very unusual circumstances, or where the fees are incurred because of participation in collateral litigation. *In re Estate of Cannamore*, 44 S.W.3d 883, 885 (Mo.App. E.D.2001). The only basis argued by the parties in support of their positions regarding the trial court's award of attorney fees is the parties' contract. Additionally, the pertinent statutes regarding prejudgment and post-judgment interest set forth a nine percent per year interest rate in the absence of the parties' agreement to a higher interest rate. Sections 408.020 and 408.040, respectively. We will therefore focus our discussion on whether or not the attorney fee and interest aspects of the judgment may be supported by provisions of the parties' written contract. If there are contractual provisions for the payment of attorney fees and a service charge, a party may recover those amounts when it is a prevailing party on a claim that the contract was breached. *Ken Cucchi Constr., Inc. v. O'Keefe*, 973 S.W.2d 520, 528 (Mo. App. E.D.1998).

Here, KMC did not prevail on its breach of contract claim because, after the non-jury trial, the trial court dismissed that claim without prejudice. We regard the trial court's dismissal of KMC's breach of contract claim as a judgment on the merits, precluding KMC from further pursuit of that claim. *See Dailing v. Hall*, 20 S.W.3d 616 (Mo.App. S.D.2000). We do not consider KMC a prevailing party on its contract claim because KMC was not successful on that claim in that it did not obtain a favorable disposition of that claim. Therefore, the contractual provisions can-

not support the trial court's award of attorney fees or interest above the statutory rate given the judgment in this case, and we reverse those aspects of the judgment.

While we conclude the trial court erred in applying the law regarding an award of attorney fees and interest at a rate above the statutory rate, we find the trial court properly determined that prejudgment interest should be awarded as part of the judgment. With respect to mechanic's lien claims, an award of prejudgment interest is mandatory once the trial court assesses the principal amount due on such a claim. *Dave Kolb Grading, Inc.*, 837 S.W.2d at 933. It is also appropriate for a trial court to consider an award of prejudgment interest on successfully pursued liquidated quantum meruit claims. *See Nangle v. Brockman*, 972 S.W.2d 545, 550–51 (Mo.App. E.D.1998). Where, as here, the parties have no agreement as to the rate of interest, the rate in Section 408.020 applies to the award of prejudgment interest on such claims. *Vogel v. Lake Timberline Property Owners Voluntary Ass'n, Inc.*, 741 S.W.2d 869, 872 (Mo.App. E.D.1987) (prejudgment interest rate for a successful quantum meruit claim); *Herbert & Brooner Constr. Co. v. Golden*, 499 S.W.2d 541, 552–53 (Mo.App. W.D.1973) (prejudgment interest for a successful mechanic's lien recovery).

Because the only challenge to the interest awarded in the judgment is to an award at a rate greater than the statutory rate and that challenge is successful, we conclude KMC is entitled to an award of prejudgment and postjudgment interest at the statutory rate of nine percent per year. The actual date from which prejudgment interest should be calculated is a factual question for the trial court. *Dave Kolb Grading, Inc.*, 837 S.W.2d at 934. Here, no party contends the trial court chose an improper date from which to calculate such interest, and so the June 6, 1998 date used by the trial court should be utilized in calculating the prejudgment interest on KMC's mechanic's lien and quantum meruit claims.

Points two and three are granted. We reverse the judgment to the extent it awarded attorney fees and interest at a rate above the statutory interest rate and remand for entry of judgment awarding prejudgment and postjudgment interest at the statutory rate of nine percent per year consistent with this opinion.

In their fourth and final point, the Monias urge the trial court erred in excluding certain witnesses and exhibits "for technical violations of discovery under Rules 57.01 and 61.01" when a lesser sanction should have been imposed under the circumstances. The Monias do not dispute that they failed to disclose to KMC prior to trial certain witnesses and their evidence as requested by KMC during discovery. The Monias urge the sanction of excluding those witnesses and evidence at trial was excessive, however, because they provided some of the requested information during a deposition and they had provided more of the requested information to their prior attorney.

A trial court has broad discretion under Rule 61.01 to sanction a party for failing to answer discovery requests or for providing incomplete or evasive answers to discovery requests. *Fairbanks v. Weitzman*, 13 S.W.3d 313, 327 (Mo.App. E.D.2000). That discretion extends to the trial court's choice of sanctions for a litigant's failure to disclose evidence or witnesses during discovery. *Id.* We will disturb a trial court's sanctions decision only if there is a clear showing of the trial court's abuse of discretion. *Id.* A trial court abuses its discretion when its ruling "is clearly against the logic of the circum-

stances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Wilkerson v. Prelutsky,* 943 S.W.2d 643, 648 (Mo. banc 1997) (internal quotation marks omitted) (quoting *Anglim v. Missouri Pacific R.R.,* 832 S.W.2d 298, 303 (Mo. banc), *cert. denied,* 506 U.S. 1041, 113 S.Ct. 831, 121 L.Ed.2d 701 (1992)).

We find no abuse of discretion in the trial court's exclusion from trial of the witnesses and related evidence the Monias had failed to disclose prior to trial pursuant to KMC's discovery requests. The lawsuit was filed approximately eighteen months prior to trial, and KMC sought the pertinent information from the Monias approximately six months prior to trial. The Monias had no reasonable explanation for their failure prior to trial to provide the requested information, and the trial court excluded the undisclosed evidence due to surprise to KMC and the prejudicial effect on KMC if the evidence was allowed.

Point four is denied.

The judgment is reversed to the extent it awarded attorney fees and interest above the statutory rate on the mechanic's lien and quantum meruit claims, and is otherwise affirmed. This matter is remanded to the trial court for entry of a judgment consistent with this opinion to correct KMC's name in the caption and to award as part of the judgment in favor of KMC on its mechanic's lien and quantum meruit claims prejudgment interest at the statutory rate from June 6, 1998, and postjudgment interest at the statutory rate.

GEORGE W. DRAPER III, P.J., and MARY R. RUSSELL, J.: Concur.